[This opinion has been published in *Ohio Official Reports* at 71 Ohio St.3d 164.]

CUYAHOGA COUNTY BAR ASSOCIATION *v*. CAYWOOD.

[Cite as *Cuyahoga Cty. Bar Assn. v. Caywood*, 1994-Ohio-98.]

*Attorneys at law—Misconduct—Indefinite suspension—Neglect of an entrusted legal matter—Engaging in conduct involving deceit, and misrepresentation—Knowingly making a false statement of fact.*

(No. 94-1859—Submitted October 11, 1994—Decided December 14, 1994.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline, No. 93-72.

_____

{¶ 1} On December 6, 1993, relator, the Cuyahoga County Bar Association, filed a complaint against James E. Caywood of Willoughby, Ohio, Attorney Registration No. 0020157, alleging one count of misconduct. The complaint alleged in substance that respondent had formed an attorney-client relationship with William Aiken concerning a 1988 automobile collision in which Aiken was injured, but that respondent had neglected the case, misrepresented his actions to Aiken, and failed to compensate Aiken for resulting damages after agreeing to do so. The complaint also alleged that respondent had been disciplined twice previously: a two-year suspension, suspended with monitored probation beginning November 15, 1989—*Disciplinary Counsel v. Caywood* (1989), 46 Ohio St.3d 186, 546 N.E.2d 411 and a one-year suspension beginning December 11, 1991—*Disciplinary Counsel v. Caywood* (1991), 62 Ohio St.3d 185, 580 N.E.2d 1076.

{¶ 2} Respondent, in his answer, denied most of the material allegations of the complaint concerning Aiken. However, on June 29, 1994, the date of his hearing before a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board"), respondent entered into a stipulation of facts with relator. Respondent admitted that an attorney-client relationship existed

between himself and Aiken after Aiken had visited his office on or about March 15, 1988, even though no written contract was filed; that a police report attached to the joint stipulation accurately reflected the facts of Aiken's "accident"; that respondent referred Aiken to, and received reports concerning Aiken's condition from, a Dr. Patel, but made no claims to an insurance company; that respondent wrote a note to Aiken on September 9, 1992, stating that he had failed to file a lawsuit regarding Aiken's injury and was willing to fairly compensate Aiken, and inviting Aiken to make a settlement demand which respondent hoped to resolve within thirty days; that respondent told Aiken's attorney that he was attempting to secure a home-equity loan, when he had not applied for one; and that Aiken sued respondent in the Court of Common Pleas of Cuyahoga County, but the case was settled, and all sums owed had been paid.

{¶ 3} At the hearing, respondent attempted to explain his behavior, including behavior for which he was previously disciplined, by attributing it to a "lackadaisical attitude" brought on by his complete emotional involvement in a capital case when he was a public defender and by his poor business sense.

{¶ 4} The panel found that respondent had violated DR 6-101(A)(3) (neglect of a legal matter entrusted), 1-102(A)(4) (engaging in conduct involving deceit, and misrepresentation), 7-101(A)(2) (failing to carry out a contract of employment), and 7-102(A)(5) (knowingly making a false statement of fact); that respondent "exhibited a frequent and consistent pattern of misrepresentation to cover his neglect of legal matters entrusted to him"; and that the prior sanctions for similar violations had had little effect on his subsequent behavior. The panel recommended that respondent be indefinitely suspended from the practice of law. The board adopted the findings of fact, conclusions of law, and recommendation of the panel and also recommended that costs be taxed to respondent.

––––––––––––––––––

*Gary S. Fishman*, *Elmer G. Cowan* and *Nancy A. Fuerst*, for relator.

*Carmen P. Naso*, for respondent.

––––––––––––––––––

***Per Curiam.***

{¶ 5} We concur with the findings of fact, conclusions of law, and recommendation of the board. Respondent is hereby indefinitely suspended from the practice of law in this state. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

––––––––––––––––––